UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DINA HOROWITZ, Individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )    Case No. 4:15CV1769 RWS |
| SUNEDISON, INC., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before me on a flurry of recent activity in this case. This is one of three securities class action lawsuits filed in this district against defendants. Various movants have now filed motions to consolidate this case with the other two cases and for appointment of lead counsel and lead plaintiff. In doing so, they have lumped the consolidation issue into one motion with their motions seeking lead plaintiff and lead counsel status and have created a confusing mess of a docket sheet. This Court cannot decide anything about lead counsel and lead plaintiffs until the issue of consolidation has been resolved. Most of the movants did not even bother to support their request for consolidation with an appropriate legal memorandum addressing the issue, presumably believing that this Court would simply grant the request as a routine matter. This, however, is not the case. So

that the docket sheet is clear and to prevent confusion, I am denying all pending motions without prejudice to being refiled in an appropriate fashion.  This means filing a *separate* motion for consolidation, supported by a relevant legal memorandum actually addressing the issue of consolidation, for the Court's consideration.  Any such motion shall also indicate whether defendants and/or plaintiff Dina Horowitz consent to consolidation.

Once the Court determines whether consolidation is appropriate, it will resolve the lead plaintiff/lead counsel issues.  However, in reviewing the lead plaintiff and lead counsel motions currently on file, I note that all movants claim that they should be appointed lead plaintiff because they have suffered the greatest loss.  These statements cannot all be true.  I expect all movants to review these pending motions before refiling any motions for appointment of counsel, as the Court shall not have to hold a hearing to determine which movant, in fact, suffered the greatest loss, as such an inability to resolve even this most basic issue would not bode well for the rest of this case.

Accordingly,

**IT IS HEREBY ORDERED** that all pending motions are denied without prejudice to being refiled in accordance with this Memorandum and Order.

**IT IS FURTHER ORDERED** that, in the event an appropriate motion to consolidate this action with case numbers 4:15CV1809 ERW and 4:16CV113

2

HEA is actually filed in this case, any objection to consolidation shall be filed within fourteen days of the motion being filed or said objection shall be waived.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of February, 2016.