UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DINA HOROWITZ, on behalf of herself and all others similarly situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>SUNEDISON, INC., et al., )<br><br>Defendants. ) | Case No. 4:15 CV 1769 RWS |

# MEMORANDUM AND ORDER

This matter is before me on motions for appointment of lead plaintiff and lead counsel filed by movants Municipal Employees' Retirement System of Michigan (MERS) and the Zecher Family Group.[1]  Both movants claim that they have the largest financial interest in the outcome of this case and should therefore be appointed as lead plaintiff under the Private Securities Litigation Reform Act of 1995 (PSLRA).  I will appoint MERS lead plaintiff for the following reasons.

---

[1] Six movants originally sought lead plaintiff status, but I denied those motions without prejudice for failing to comply with the local rules. [28].  Following that Order, three of the movants (the Institutional Investor Group, the SunEdison Investor Group, and the Investor Group) conceded that they should not be appointed lead plaintiff and accordingly withdrew their applications. [31].  These movants now agree that MERS asserts the largest financial interest and support its motion for lead plaintiff. [31].  The fourth movant, Andrew Newman, withdrew his application on February 17, 2016. [34].

Background Facts

This case was the first of three filed in this district alleging securities fraud by SunEdison and its executives. In each case, investors brought class claims for violations of the PSLRA based on various statements and activities of the defendants. *See Kenneth Moodie, et al. v. SunEdison, Inc., et al.*, Cause No. 4: 15 CV 1809 ERW, and *Robert Kunz v. SunEdison, Inc.*, et al., Cause No. 4: 16 CV 113 HEA. The primary difference between each of these cases (aside from the named plaintiffs and the lawyers who filed them) was the asserted class period: the original complaint in this case included allegations of fraud spanning June 15, 2015 through October 6, 2015; the amended complaint in this case (filed January 19, 2016) increased the class period from August 7, 2014 through November 9, 2015; the complaint in *Moodie* alleged a class period from June 16, 2015 through October 6, 2015; and, the *Kunz* case alleged a class period from February 19, 2014 through January 6, 2016. Thus, the *Kunz* complaint encompassed the most allegations against the defendants over the longest period of time. Because each of the cases alleged similar facts against the same defendants, I consolidated them upon the joint unopposed motion of numerous movants, including MERS and the Zecher Family Group. [33]. I consolidated the cases for all purposes, which means that this case now includes allegations against the defendants stretching

2

from February 19, 2014 through January 6, 2016, which is the class period alleged in *Kunz*.

## Discussion

When Congress enacted the Private Securities Litigation Reform Act of 1995 (PSLRA), it "sought to create mechanisms to ensure the protection of class members' interests in securities litigation that was widely perceived as being lawyer-instituted and lawyer-driven." *In re BankAmerica Corp. Sec. Litig.*, 350 F.3d 747, 751 (8th Cir. 2003).  To effectuate this goal, the PSLRA requires "district courts to appoint a lead plaintiff or lead plaintiff group to represent aggrieved shareholders and requir[es] these lead plaintiffs to select counsel." *Id.* (citing 15 U.S.C. §§ 78u-4(a)(3)(B)(i) and 78u-4(a)(3)(B)(v)).  To ensure that the litigation is driven by the interests of class members rather than those of class counsel, the PSLRA directs the Court to appoint as lead plaintiff the member or members of the purported class "that the court determines to be the most capable of adequately representing the interests of the class members." *See* 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B)(i).  According to the statute, that class member has either filed the complaint or filed a motion for appointment as lead plaintiff, has the largest financial interest in the relief sought by class, and otherwise satisfies the requirements of Fed. R. Civ. P. 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This

presumption "may only be rebutted upon proof" that "the presumptively most adequate plaintiff: 1) will not fairly and adequately protect the interests of the class; or 2) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The PSLRA requires a plaintiff filing an initial action to publish a notice to the proposed class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i).[2] "If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter is filed, only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published . . . ." 15 U.S.C. § 78u-4(a)(3)(A)(i). Finally, the statute provides that "not later than 60 days after the date on which notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

Here, Horowitz filed the first action and published appropriate notice on December 1, 2015. Under the statute, this meant that all motions for appointment of lead plaintiff were to be filed by February 1, 2016. After Horowitz amended her complaint on January 19, 2016, she issued notice of the amendments on the same

---

[2] Publication through an electronic wire service such as PR Newswire (the national wire service used in this case) satisfies the PSLRA's publication requirement. *Kops v. NVE Corp.*, 2006 WL 2035508, at *2 (D. Minn. July 19, 2006).

date.  Notice of the *Kunz* case was issued by Kunz' counsel on January 28, 2016. Therefore, on February 1, 2016, when MERS and the Zecher Family Group timely filed their initial motions for appointment of lead plaintiff in this case, they had notice of the longer class period alleged in *Kunz* and still sought consolidation of all three cases for all purposes.  Notably, although the Zecher Family Group objected to use of the longer class period from *Kunz* for purposes of determining lead plaintiff in its initial motion, it asked me to apply the class period alleged in the amended *Horowitz* complaint – namely, from August 7, 2014 through November 9, 2015.

      Now, however, the Zecher Family Group argues I should appoint the lead plaintiff by looking only at the time period alleged in the original complaint filed in the *Horowitz* case – in other words, the shortest time period possible.  However, this time period (June 15, 2015 through October 6, 2015) is not even in the operative *Horowitz* complaint, as it was superseded by an amended complaint before I even consolidated this case with *Moodie* and *Kunz*.  Nevertheless, the Zecher Family Group insists that I must select lead plaintiff based on the class period contained in the original notice because the amended *Horowitz* complaint and *Kunz* action dramatically expand the class period, and notice was insufficient to alert potential movants to their right to move for lead plaintiff status.  My only

other option, according to the Zecher Family Group, is to insist on republication of notice. MERS, on the other hand, contends that I should appoint the lead plaintiff which suffered the largest financial loss over the longest alleged class period – in this case, the *Kunz* class period (which extends from February 19, 2014 through January 6, 2016). MERS also disputes that republication of notice is required.

The PSLRA does not require republication of notice as the amended *Horowitz* complaint and the *Kunz* action assert "substantially the same claim or claims" as those alleged in the original *Horowitz* complaint. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i); *Hom v. Vale, S.A.*, 2016 WL 880201, at *4 (S.D.N.Y. Mar. 7, 2016) (quoting *Turner v. Shengda Tech, Inc.*, 2011 WL 6110438, at *3 (S.D.N.Y. Dec. 6, 2011)) ("Courts typically disfavor republication of notice under PSLRA when a class period is extended beyond the period contained in the first-filed securities action.") (internal quotation marks omitted). Moreover, there is no dispute that notice of the amended *Horowitz* complaint and the *Kunz* action was actually provided in this case. Under the circumstances, I find the notice issued in this case satisfies the requirements of the PSLRA. *See Hom*, 2016 WL 880201, at *4 (republication of notice not required because later-filed action brings same legal causes of action against same defendants with substantially similar allegations as first-filed action); *Deering v. Galnea Biopharma, Inc.*, 2014 WL 4954398, at *7

(D. Ore. Oct. 3, 2014) (timely notice of first action sufficient to satisfy statute where subsequent actions increased class period); *Turner*, 2011 WL 6110438, at \*3 (first notice adequately notified all potential lead plaintiffs despite longer class period alleged in later actions because all cases were filed against same defendants, alleged same legal theories, and concerned same securities).

The Zecher Family Group advances no sound reason to apply the shortest class period in a determination of lead plaintiff.  This position is contrary to the one previously taken in its first motion for appointment of lead plaintiff -- where it argued that the operative class period was the one contained in the amended *Horowitz* complaint -- and appears calculated to further its own interest in being named lead plaintiff, rather than the interests of all potential class members.  *See Eichenholtz v. Verifone Holdings, Inc.*, 2008 WL 3925289, at \*2 (N.D. Cal. Aug. 22, 2008) (arguments for shorter class period typically are "in the best interest of that particular plaintiff only.").  This case is now a consolidated one and includes allegations from all three cases, including *Kunz*.  To ignore this fact runs contrary to the statute, which directs me to "appoint the most adequate plaintiff as lead plaintiff *for the consolidated actions* in accordance with this paragraph." 15 U.S.C. § 78u-4(a)(3)(B)(ii) (emphasis supplied).  Moreover, the class period advanced by the Zecher Family Group is not even alleged in the operative *Horowitz* complaint,

7

as the amended complaint (filed well before the cases were even consolidated) supersedes the original one.

Consistent with courts outside this circuit,[3] courts within this district apply the longest alleged class period. *Espinoza v. Whiting*, Case No. 4:1CV1711 (SNLJ), 2013 WL 171850, at *1n.1 (E.D. Mo. Jan. 16, 2013); *Mas v. KV Pharmaceutical Co.*, Case No. 4:08CV1859 (CEJ), 2009 WL 1011506, at *2 (E.D. Mo. Apr. 15, 2009). Courts should use the most inclusive class period and select as lead plaintiff the movant with the largest financial interest under that period because the "class" should be defined as the broadest, most inclusive potential class to view the facts in the light most favorable to the plaintiffs. *Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Investment Corp.*, 256 F.R.D. 620, 625 (E.D. Wisc. 2009). A more inclusive class period includes more potential class members and increases the potential damages that the class could recover. *See Eichenholtz*, 2008 WL 3925289, at *2; *Hom*, 2016 WL 880201, at *4 (utilizing the most inclusive class period for appointing lead plaintiff as it encompasses more potential class members and damages). For this reason, I will adopt the longest

---

[3] *See*, *Hom*, 2016 WL 880201, at *4; *Deering*, 2014 WL 4954398, at *10 ("Courts have almost universally held that the longest, most inclusive class period should be used to determine which lead plaintiff movant has the largest financial interest in the relief sought by the class."); *Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Investment Corp.*, 256 F.R.D. 620, 625 (E.D. Wisc. 2009); *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 434 (S.D. Tex. 2010) (concluding that it would be "inappropriate to narrow the class period at this stage of the litigation"); *Eichenholtz*, 2008 WL 3925289, at *2.

alleged class period[4] and select as lead plaintiff the movant with the largest financial interest under that period, which extends from February 19, 2014 through January 6, 2016.

In assessing losses under the PSLRA, "there is no prescribed method for determining which movant has the largest financial interest." *In re K-V Pharmaceutical Co. Sec. Litig.*, Case No. 4:11CV1816 (AGF), 2012 WL 1570118, at *4 (E.D. Mo. May 3, 2012). "The method used and factors considered in determining each movant's financial interest remain fully within the discretion of the Court." *Id.* However, many courts use the *Lax* four-factor inquiry. *Kops v. NVE Corp.*, 2006 WL 2035508, at * 3 (D. Minn. July 19, 2006). The four factors are: "(1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs." *Lax v. First Merchs. Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997). Of the *Lax* factors, the last one (approximate losses) is the most important. *In re CMED Sec. Litig.*, 2012 WL 1118302, at *3 (S.D.N.Y. Apr. 2, 2012).

---

[4] To the extent this approach also encourages manipulation of the class period to secure lead plaintiff status, I have adequately safeguarded against this potential abuse by reviewing the allegations supporting the longest class period to ensure they are not "obviously frivolous." *See MGIC*, 256 F.R.D at 625 (the Court should use the longest noticed class period unless the factual allegations supporting that period are "obviously frivolous."); *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d at 434 (adopting the approach set out in *MGIC*).

To calculate approximate losses, courts typically use one of two methodologies: first-in-first-out (FIFO) or last-in-first-out (LIFO). *Bo Young Cha v. Kinross Gold Corp.*, 2012 WL 2025850, at *3 (S.D.N.Y. May 31, 2012). "Under FIFO, stocks acquired first are assumed to have been sold first in the calculation of losses; under LIFO, stocks acquired most recently are assumed to have been the first sold." *Id.* Courts have stated a preference for the LIFO method in calculating loss because "unlike FIFO, it takes into account gains that might have accrued to plaintiffs during the class period due to the inflation of the stock price." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 295 (S.D.N.Y. 2010).

Here, MERS alleges the greatest reported loss under either the LIFO method ($7,043,344.00) or the FIFO method ($8,319,269.00). The Zecher Family Group alleges a loss of $6,929,415.00 under either method during the same class period.[5] Thus, MERS has the largest financial interest in this securities class action lawsuit and is the presumptive lead plaintiff under the PSLRA if it meets the requirements of Rule 23. *See Kops*, 2006 WL 2035508, at *3 (citing *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002)). "The statute 'provides no occasion for comparing

---

[5] Although the Zecher Family Group argues that it has the largest financial interest when measured under the other *Lax* factors, it does not dispute that MERS has the greatest approximate loss, which is the primary *Lax* factor in determining which potential lead plaintiff has the largest financial interest in the outcome of this case.

10

plaintiffs with each other on any basis other than their financial stake in the case. Once that comparison is made and the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements.'" *Id.* (quoting *In re Cavanaugh*, 306 F.3d at 732).

Here, MERS satisfies the statutory requirements and is the presumptive lead plaintiff. It timely filed a motion for appointment of lead plaintiff and is the type of large, institutional lead plaintiff envisioned by Congress when the PSLRA was enacted. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995). I have reviewed MERS' motion papers and find that Fed. R. Civ. P. 23 is satisfied by the appointment of MERS as lead plaintiff as it has made a preliminary showing that its claims or defenses are typical of the class, it is able and willing to competently prosecute this action, and its interests are sufficiently similar to those of the class. *See Kops,* 2006 WL 2035508, at *5-*6 (presumptive lead plaintiff need only make preliminary showing that it satisfies typicality and adequacy requirements of Rule 23); *Rochester Laborers Pension Fund v. Monsanto Co.*, Case No. 4:10CV1380 (CDP), 2010 WL 4444832, at *1 (E.D. Mo. Oct. 1, 2010); *Western Washington Laborers-Employers Pension Trust v. Panera Bread Co.*, Case No. 4:08CV120 (ERW), 2008 WL 2559431, at *1 (E.D. Mo. June 23, 2008). As MERS is the

11

presumptive lead plaintiff under the statute and no movant has come forward with proof to rebut this presumption, I will appoint MERS as lead plaintiff in this case.

The PSLRA states that "the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). MERS seeks the approval of the law firm of Bernstein Litowitz as lead counsel. Upon review of the firm resume, it appears that Bernstein Litowitz has significant experience litigating securities class actions and possesses ample resources to manage the class litigation and protect the interests of the class, and so I will appoint Bernstein Litowitz to serve as lead counsel in this case. Lead plaintiff is reminded of its obligation to timely file a consolidated complaint in accordance with the January 8, 2016 Scheduling Order.

Accordingly,

**IT IS HEREBY ORDERED** that Municipal Employees' Retirement System of Michigan's motion for appointment as lead plaintiff and for appointment of lead counsel [37] is granted, and Municipal Employees' Retirement System of Michigan is appointed lead plaintiff, and Bernstein Litowitz is appointed lead counsel.

**IT IS FURTHER ORDERED** that the Zecher Family Group's motion for appointment as lead plaintiff and for appointment of lead counsel [40] is denied.

**IT IS FURTHER ORDERED** that the scheduling order entered on January 8, 2016 [9] remains in full force and effect and applies to all consolidated cases. Lead Plaintiff shall file its consolidated or amended complaint within 60 days of the date of this Memorandum and Order, and defendants shall answer, move, or otherwise respond to the consolidated or amended complaint within 60 days of the consolidated or amended complaint being filed as set out in the January 8, 2016 Order.

_/s/ Rodney W. Sippel_
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 24th day of March, 2016.