# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DINA HOROWITZ, on behalf of herself and all others similarly situated,<br><br>                      Plaintiff,<br><br>                  v.<br><br>SUNEDISON, INC., et al.,<br><br>                      Defendants. | CASE NO. 4:15-CV-1769 RWS |
| DARCY CHURCH, individually and on behalf of all others similarly situated,<br><br>                      Plaintiff,<br><br>                  v.<br><br>AHMAD R. CHATILA, and BRIAN WUEBBELS<br><br>                      Defendants. | CASE NO. 4:16-CV-628 CEJ |

**DEFENDANTS AHMAD R. CHATILA AND BRIAN WUEBBELS' MEMORANDUM IN SUPPORT OF THE MOTION TO TRANSFER THE CASE**

Defendants Ahmad R. Chatila and Brian Wuebbels ("Defendants") request that the case of *Church v. Chatila et al.,* No. 4:16-CV-628 CEJ, currently pending before Judge Carol E. Jackson,[1] be transferred[2] to Chief Judge Rodney W. Sippel, who is currently presiding over two related, previously-filed class actions: a consolidated securities fraud class action and a

---

[1] On August 12, 2016, Defendants filed a Motion to Transfer the *Church* Case to Chief Judge Rodney W. Sippel. *Church v. Chatila*, No. 4:16-CV-628 CEJ (Doc. 20). The motion was denied as improperly filed, with the Defendants directed to file their motion to transfer in the case bearing the lowest cause number. *See Church v. Chatila*, No. 4:16-CV-628 CEJ (Doc. 24).

[2] The Defendants are not moving to consolidate the cases.

consolidated ERISA class action.  *See Horowitz v. SunEdison, Inc. et al.*, No. 4:15-CV-1769 RWS, *Usenko v. SunEdison, Inc. et al.*, No. 16-CV-76 RWS.[3]  The *Horowitz* and *Usenko* cases are based on alleged misrepresentations concerning the financial condition and prospects of SunEdison, Inc.  *See* Declaration of Charles N. Insler in Support of Motion for Transfer ("Insler Declaration"), Ex. A (*Horowitz* Complaint (Doc. 69) at ¶2) ("SunEdison's success was driven by the false statements issued by the Company's [Executive Defendants] . . . who each repeatedly misrepresented the Company's true liquidity position and debt burden."); *id.,* Ex. B (*Usenko* Complaint (Doc. 1) at ¶6) ("During the Class Period, the Company materially misrepresented the strength of its financial condition and prospects thereby inflating the value of its stock.").  Both Chatila and Wuebbels are party-defendants in the *Horowitz* case and Defendant Chatila is a party-defendant in the *Usenko* case.

Because the *Church* case also involves alleged misrepresentations concerning the financial condition of SunEdison, judicial economy dictates, and the court's ability to manage its dockets supports, that this case be transferred to Chief Judge Sippel.

> A.    **The *Church* Case Was Randomly Assigned to Judge Jackson without the Benefit of the Original Filing Form**

On May 3, 2016, Plaintiff Darcy Church filed a purported class action lawsuit against Ahmad Chatila, the former Chief Executive Officer ("CEO") of SunEdison, and Brian Wuebbels, the former Chief Financial Officer ("CFO") of SunEdison.  *See* Insler Declaration, Ex. C (*Church* Complaint (Doc. 1)).  Plaintiff did not, however, file an Original Filing Form with

---

[3] The *Horowitz* action is a consolidated case of three securities class actions:  the *Horowitz* action, *Moodie v. SunEdison et al.*, No. 4:15-cv-01809-RWS, and *Kunz v. SunEdison et al.*, No. 4:16-cv-00113-RWS.  These three actions were consolidated on February 16, 2016 and Municipal Employees' Retirement System of Michigan was appointed Lead Plaintiff.  The *Usenko* case is a consolidated case of four ERISA class actions:  the *Usenko* action, *Dull v. SunEdison, Inc. et al.,* No. 4:16-cv-00173-RWS, *Linton v. SunEdison, Inc. et al.*, 4:16-cv-00199-RWS, and *Wheeler v. SunEdison, Inc. et al.*, No. 4:16-cv-00226-RWS.  These actions were consolidated on March 8, 2016.  The lead plaintiff application is pending.

the Clerk's Office, which would have informed the Court that substantially similar cases are currently pending before Chief Judge Sippel.  *See* Insler Declaration, Ex. C; *see also Church v. Chatila*, No. 4:16-CV-628 CEJ ("Case Opening Notification . . . Service will issue when proper documents are filed.").  As a result, the *Church* case was randomly assigned to District Judge Carol E. Jackson.  Defendants now move to transfer this case to Chief Judge Sippel.

### B. Principles of Judicial Economy Dictate that this Case Be Transferred to Chief Judge Rodney W. Sippel

"The *Manual for Complex Litigation* provides that '[a]ll related civil cases pending in the same court should initially be assigned to a *single judge* to determine whether consolidation, or at least coordination of pretrial proceedings, is feasible and is likely to reduce conflicts and duplications."  *Pub. Pension Fund Grp. v. KV Pharm. Co.*, No. 4:08-CV-1859 (CEJ), 2009 WL 1106976, at *3 (E.D. Mo. Apr. 23, 2009) (quoting Manual for Complex Litigation, §20.11).  Indeed, in *Public Pension Fund Group*, the Court faced the very question at issue here – whether a series of securities fraud and ERISA class actions pending before separate judges within the United States District Court for the Eastern District of Missouri should be transferred to a single judge.  *Id.*

In *Public Pension Fund Group*, the Court concluded that principles of judicial economy dictated that transfer was proper.  *Id.* ("[T]o preserve judicial economy and prevent inconsistent adjudications, the Court finds that it is appropriate that one judge should preside over the ERISA and Securities Actions.  As such, the ERISA Actions shall be transferred to a single district judge.").  Moreover, the Court found that transfer was appropriate despite the substantive differences between ERISA and federal securities law, and despite the plaintiff's arguments that the theories of relief and defenses were entirely different between the two separate causes of action.  *Id.*

As in *Public Pension Fund Group,* the *Church* case is "substantially equivalent" to the *Horowitz* and *Usenko* cases currently pending before Chief Judge Sippel. The *Church* case is brought on behalf of those who purchased publicly traded securities in Vivint Solar, Inc. ("Vivint Solar") between July 20, 2015 and March 7, 2016. Insler Declaration, Ex. C at ¶1. The lawsuit names Brian Wuebbels, the former SunEdison CFO, and Ahmad Chatila, the former SunEdison CEO, as Defendants. Insler Declaration, Ex. C at ¶¶8-9. Wuebbels and Chatila are named defendants in the *Horowitz* case before Chief Judge Sippel and Chatila is a named defendant in the *Usenko* case also pending before Chief Judge Sippel. *See* Insler Declaration, Exs. A & B.

More importantly, the allegations in the *Church* case have significant overlap with the *Horowitz* and *Usenko* cases. The *Church* complaint relies on purported statements made in SunEdison's S.E.C. filings and periodic investor conference calls concerning SunEdison's liquidity on: August 6, 2015, *see* Insler Declaration, Ex. C at ¶¶17-18 ("We believe our liquidity will be sufficient to support our operations for the next twelve months[.]"); November 9, 2015, *see id.* at ¶¶19-20 ("[W]e believe that the sources of liquidity described below will be sufficient to support our operations for the next twelve months[.]"); and November 10, 2015, *see id.* at ¶22 ("[W]e have sufficient liquidity at the Devco [SunEdison, independent of its subsidiaries TERP and TerraForm Global, Inc.] with approximately $1.4 billion as of the end of the quarter.").

These same alleged statements concerning SunEdison's liquidity are included, word-for-word, in the *Horowitz* Amended Complaint. *See* Insler Declaration, Ex. A at ¶224 ("We believe our liquidity will be sufficient to support our operations for the next twelve months[.]"); *id.* at ¶310 ("We believe that the sources of liquidity described below will be sufficient to support our operations for the next twelve months[.]"); *id.* at ¶146 ("[W]e have sufficient liquidity at the Devco with approximately $1.4 billion as of the end of the quarter[.]"). The *Usenko* case also

highlights SunEdison's statements and filings on August 6, 2015 and November 10, 2015. *See* Insler Declaration, Ex. B at ¶¶79, 95, 99.

The *Church* complaint alleges that these statements were materially false and misleading because they misrepresented SunEdison's true financial state. Insler Declaration, Ex. C at ¶26. In support of this allegation, the complaint references a number of alleged disclosures by SunEdison and others. According to the complaint, on February 29, 2016, SunEdison disclosed that it would be unable to timely file its Annual Report. Insler Declaration, Ex. C at ¶27. On March 2, 2016, the *Wall Street Journal* allegedly disclosed that SunEdison's takeover of Vivint Solar was in jeopardy. Insler Declaration, Ex. C at ¶29. The complaint further alleges that Vivint Solar announced it was terminating the merger agreement with SunEdison and that it had filed suit against SunEdison on March 8, 2016. Insler Declaration, Ex. C at ¶¶31-32. On March 31, 2016, SunEdison allegedly disclosed that it had received a subpoena from the U.S. Department of Justice. Insler Declaration, Ex. C at ¶34. Finally, the complaint alleges that on April 3, 2016, TerraForm Global, Inc., a subsidiary of SunEdison, filed suit against SunEdison, Chatila and others alleging that SunEdison had misappropriated $231 million in cash from TerraForm Global. Insler Declaration, Ex. C at ¶36.

All of these same alleged disclosures figure prominently in the *Horowitz* Amended Complaint. *See* Insler Declaration, Ex A at ¶192 (noting the delayed Form 10-K filing); *id.* at ¶195 (noting the *Wall Street Journal's* March 2, 2016 report that banks were withdrawing their financing for the Vivint Solar transaction); *id.* at ¶202 (noting that Vivint Solar filed suit on March 8, 2016); *id.* at ¶213 (noting SunEdison's disclosure that it had received a subpoena from the Department of Justice); *id.* at ¶215 (noting TerraForm Global's suit against its own parent, SunEdison).

A comparison of the *Church* complaint to the Amended Complaint in *Horowitz* and the complaint in *Usenko* reveals that this case is "substantially equivalent" to the cases pending before Chief Judge Sippel, such that the *Church* lawsuit should be transferred to this Court for efficiency purposes. *See Pub. Pension Fund Grp.*, 2009 WL 1106976, at *3. Indeed, although Plaintiff and the class she purports to represent are shareholders of a different company, they are suing Chatila and Wuebbels for actions purportedly taken as officers of SunEdison. There will, thus, be significant overlap of the relevant documents, witnesses, and core issues between the *Church* case and the *Horowitz* and *Usenko* cases.[4]

Finally, only one Plaintiff, Don Harris, has moved for the appointment of Lead Plaintiff in the *Church* case and the Court may appoint Lead Plaintiff at any time. *Church v. Chatila*, No. 4:16-CV-628 CEJ (Doc. 11). Lead Plaintiff applications are fully briefed in *Usenko* but no lead plaintiff has been appointed. *Horowitz* does have a lead plaintiff and filed an amended complaint but no responsive pleading is currently due. Both *Horowitz* and *Usenko* are temporarily administratively closed with status reports due to Chief Judge Sippel on October 17, 2016 and August 19, 2016, respectively. Accordingly, the *Church* case is not in a substantively different procedural phase than *Horowitz* or *Usenko*.

For all these reasons, the Defendants respectfully request that their Motion to Transfer the Case be granted and that the Court transfer the *Church* case to Chief Judge Rodney W. Sippel.

---

[4] Lead Plaintiff in *Horowitz* has already acknowledged the factual overlaps between the *Church*, *Horowitz*, and *Usenko* cases and the potential for procedural efficiencies, and filed an application with the Judicial Panel on Multidistrict Litigation for coordination of these cases, among others, before a single judge. *See Horowitz v. SunEdison, Inc. et al.*, No. 4:15-CV-1769 RWS (Doc. 88).

Dated: August 16, 2016                                          Respectfully submitted,


                                                                By: /s/ *Charles N. Insler*
                                                                Glenn E. Davis (30308MO)
                                                                Charles N. Insler (58623MO)
                                                                HEPLER BROOM LLC
                                                                211 North Broadway, Suite 2700
                                                                St. Louis, MO 63102
                                                                Telephone: (314) 480-4154
                                                                Email: Glenn.Davis@heplerbroom.com
                                                                Email: CharlesN.Insler@heplerbroom.com

                                                                *Counsel for Defendants Ahmad R. Chatila*
                                                                *and Brian Wuebbels*

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2016, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filings(s) to all attorney(s) of record.

/s/  *Charles N. Insler*