# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • LOUISIANA • ILLINOIS

SALVATORE J. GRAZIANO
salvatore@blbglaw.com
212 554-1538

December 7, 2017

**BY ECF**

Hon. P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *In re SunEdison, Inc., Securities Litigation*, 1:16-md-2742 (PKC) (AJP) (S.D.N.Y.); *Horowitz v. SunEdison, Inc.*, 1:16-cv-7917 (PKC)

Dear Judge Castel:

    We write on behalf of Lead Plaintiff the Michigan Employees Retirement System ("Lead Plaintiff") in *Horowitz v. SunEdison, Inc.*, Case No. 1:16-cv-07917-PKC (the "Action"), to notify the Court of a recent decision by the Second Circuit in *Christine Asia Co. Ltd. v. Ma*, 2017 WL 6003340, at *2 (2d Cir. Dec. 5, 2017) (attached). This recent Second Circuit decision bears directly on arguments that Defendants Ahmad Chatila and Brian Wuebbels (the "Exchange Act Defendants") raised in the Memorandum of Law in Support of Exchange Act Defendants' Motion to Dismiss Second Amended Consolidated Securities Class Action Complaint (*Horowitz* ECF No. 150) ("D. Br."). As required by Rule 1(A)(iv) of Your Honor's Individual Practices, there is not presently a conference or other hearing scheduled before the Court, unless the Court schedules argument on the pending motions to dismiss the Action (*Horowitz* ECF Nos. 145, 147, 149).

    Plaintiffs allege that Defendants violated their disclosure obligations under Item 303 of SEC Regulation S-K by failing to disclose known trends affecting SunEdison's future revenue – primarily, the Company's growing liquidity crisis – as Item 303 requires. *See, e.g., Horowitz* ECF No. 138 (the "Complaint") ¶¶ 270-74, 284, 292, 305, 324, 363. In support of their motion to dismiss, the Exchange Act Defendants argued primarily that their alleged Item 303 violations do not give rise to securities-fraud liability. D. Br. at 22-23. However, the Second Circuit reaffirmed in *Christine Asia Co.* that allegations that defendants failed to disclose "facts, in a manner that accurately conveyed the seriousness of the problems [the company] faced, so as not to render Defendants' public disclosures 'inaccurate, incomplete, or misleading'" constitute violations of the "duty to disclose under [Item 303]" and are actionable under Section 10(b) of the Exchange

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Hon. P. Kevin Castel
December 7, 2017
Page 2

Act. *Christine Asia Co.*, 2017 WL 6003340, at *2 (quoting *Stratte-McClure v. Morgan Stanley*, 776 F.3d 94, 101 (2d Cir. 2015)).

      We are available at the Court's convenience for argument on Defendants' pending motions to dismiss, or to otherwise discuss any issues the Court would like the parties to address. As the Court is aware, while there have been multiple settlements of SunEdison related actions to date, mediation has failed to resolve this case.

      Respectfully Submitted,

      */s/ Salvatore J. Graziano*

      Salvatore J. Graziano
      Katherine Sinderson
      Adam D. Hollander
      **BERNSTEIN LITOWITZ BERGER &**
      **GROSSMANN LLP**
      1251 Avenue of the Americas
      New York, NY 10020
      Telephone: (212) 554-1400
      Facsimile: (212) 554-1444

      *Counsel for Lead Plaintiff the Municipal Employees' Retirement System of Michigan*