UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: SUNEDISON, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>*Horowitz et al. v. SunEdison, Inc. et al.,*<br>Case No. 1:16-cv-07917-PKC | Civil Action No. 1:16-md-2742-PKC |

### [PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated class action is pending in this Court entitled *Horowitz et al. v. SunEdison, Inc. et al.*, Case No. 1:16-cv-07917-PKC (the "Action");

WHEREAS, by Order dated January 7, 2019, this Court certified the Action to proceed as a class action on behalf of the "Class" consisting of the following two subclasses:

    (a)    all persons and entities who purchased or otherwise acquired shares of SunEdison common stock between September 2, 2015 and April 4, 2016 (the "Exchange Act Class Period"), and were damaged thereby (the "Exchange Act Subclass"); and

    (b)    all persons and entities who purchased or otherwise acquired shares of SunEdison preferred stock between August 18, 2015 and November 9, 2015, inclusive (the "Securities Act Class Period"), pursuant or traceable to the registered public Preferred Offering on or about August 18, 2015, and were damaged thereby (the "Securities Act Subclass").[1]

---

[1] Excluded from the Class by definition are: (i) Defendants; (ii) members of the Immediate Family of any Defendant; (iii) any directors and Officers of Defendants during the Exchange Act Class Period or the Securities Act Class Period and members of their Immediate Families; (iv) the subsidiaries, parents, and affiliates of SunEdison; (v) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; and (vi) the legal representatives, heirs, successors, and assigns of any such excluded party. For purposes of clarification, an Investment Vehicle shall not be deemed an excluded person or entity. Also excluded from the Exchange Act Subclass is any person or entity that submitted a request for exclusion from the Exchange Act Subclass or the Class as a whole as set forth in Exhibit 1. Also excluded from the Securities Act

WHEREAS, by Orders dated February 11, 2019 and March 21, 2019, the Court approved the proposed form and content of notices to be disseminated to the Class, and approved the proposed method for dissemination of those notices (the "Notice Orders");

WHEREAS, pursuant to the Notice Orders, notice was disseminated to potential members of the Class to notify them of, among other things: (a) the Action pending against Defendants; (b) the Court's certification of the Action to proceed as a class action on behalf of the Class; and (c) their right to request to be excluded from the Class or one of the subclasses, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion;

WHEREAS, (a) Lead Plaintiff Municipal Employees' Retirement System of Michigan ("MERS") and Named Plaintiff Arkansas Teacher Retirement System ("ATRS," and together with MERS, "Plaintiffs" or "Class Representatives"), on behalf of themselves and the Class; and (b) defendants Ahmad Chatila, Brian Wuebbels, Antonio Alvarez, Clayton Daley, Randy Zwirn, James Williams, Georganne Proctor, Steven Tesoriere, Peter Blackmore, and Emmanuel Hernandez (collectively, the "SunEdison Defendants" or "Individual Defendants") and defendants Goldman Sachs & Co. LLC (f/k/a Goldman, Sachs & Co.), Merrill Lynch, Pierce, Fenner & Smith Inc., Deutsche Bank Securities Inc., Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Macquarie Capital (USA), Inc., and MCS Capital Markets LLC (collectively, the "Underwriter Defendants," and together with the SunEdison Defendants, the "Defendants") have entered into a Stipulation and Agreement of Settlement dated July 11, 2019 (the "Stipulation") that provides for a complete dismissal with prejudice of the claims asserted in the Action against Defendants on the

---

Subclass is any person or entity that submitted a request for exclusion from the Securities Act Subclass or the Class as a whole as set forth in Exhibit 2.

terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated July 16, 2019 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B)(i), that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to the Class; (c) provided Class Members with the opportunity to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice of the Settlement has been given to the Class;

WHEREAS, the Court conducted a hearing on October 25, 2019 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.  **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2.  **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on July 12, 2019; and (b) the Settlement

3

Notice and the Summary Settlement Notice, both of which were filed with the Court on September 20, 2019.

3. **Settlement Notice** – The Court finds that the dissemination of the Settlement Notice and the publication of the Summary Settlement Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the effect of the proposed Settlement (including the Releases to be provided thereunder); (ii) Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses; (iii) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and payment of Litigation Expenses; and (iv) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules.

4. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted in the Action against Defendants), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class. Specifically, the Court finds that (a) Plaintiffs and Lead Counsel have adequately represented the Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Class under the Settlement

is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement proceeds to the Class; and the proposed attorneys' fee award; and (d) the Settlement treats Class Members equitably relative to each other. There was one objection to the Settlement, filed by Greg George. The Court has considered the objection filed by Mr. George and it is overruled. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

5.  The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

6.  **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Settlement proceeds), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Exchange Act Subclass pursuant to request and are not bound by the Release set forth in paragraph 7(a) or any other terms of the Stipulation or this Judgment insomuch as they relate to the Exchange Act Subclass. The persons and entities listed on Exhibit 2 hereto are excluded from the Securities Act Subclass pursuant to request and are not bound by the Release set forth in paragraph 7(b) or any other terms of the Stipulation or this Judgment insomuch as they relate to the Securities Act Subclass. The persons and entities listed on both Exhibits 1 and 2 hereto are excluded from the entire Class pursuant to request and are not bound by any of the terms of the Stipulation or this Judgment.

7.  **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly

incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 8 below, upon the Effective Date of the Settlement, MERS and each of the other members of the Exchange Act Subclass, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Exchange Act Claim against the Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Exchange Act Claims against any or all of the Defendants' Releasees. This Release shall not apply to any of the Excluded Exchange Act Claims (as that term is defined in paragraph 1(qq) of the Stipulation).

(b) Without further action by anyone, and subject to paragraph 8 below, upon the Effective Date of the Settlement, ATRS and each of the other members of the Securities Act Subclass, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Securities Act Claim against the Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Securities Act Claims against any or all of the Defendants' Releasees. This Release shall not apply to any of the Excluded Securities Act Claims (as that term is defined in paragraph 1(rr) of the Stipulation).

(c) Without further action by anyone, and subject to paragraph 8 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against the Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against the Plaintiffs' Releasees. This Release shall not apply to any of the Excluded Defendants' Claims (as that term is defined in paragraph 1(pp) of the Stipulation).

8. Notwithstanding paragraphs 7(a) – (c) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

9. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

10. **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained in the Settlement Notice (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

*provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

11. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion by Lead Counsel for an award of attorneys' fees and/or Litigation Expenses that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Settlement.

12. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

13. **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

14. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be

vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on June 11, 2019.

15. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment.

SO ORDERED this 25th day of October, 2019.

_____
The Honorable P. Kevin Castel
United States District Judge

## Exhibit 1

Jennie Garner
Chandler, AZ

Adam David Travis
Hillsborough, GA

Otto W. Ritter
DeBary, FL

William D. Rodriguez,
    Rear Admiral, USN, Ret.
Executor of the Estate of Mary R. Wardrop,
    who was Executor of the Mary R. Wardrop
    Trust dtd 10-05-99 and the Robert F. Wardrop
    Family Trust dtd 10-15-99
Flat Rock, NC

David L. Stevens and
Barbara J. Stevens
Sioux Falls, SD

## Exhibit 2

Canyon Balanced Master Fund, Ltd.

Canyon Capital Arbitrage Master Fund, Ltd.

Canyon-GRF Master Fund II, L.P.

Canyon Value Realization Fund, L.P.

The Canyon Value Realization Master Fund, L.P.

Cobalt KC Partners, LP

Cobalt Offshore Master Fund, LP

Cobalt Partners, LP

Cobalt Partners II, LP

EP Canyon Ltd.
(f/k/a Permal Canyon IO Ltd.)

Jennie Garner
Chandler, AZ

Glenview Capital Master Fund, Ltd.

Glenview Capital Opportunity Fund, L.P.

Glenview Offshore Opportunity Master Fund, Ltd.

Glenview Capital Partners, L.P.

Glenview Institutional Partners, L.P.

Kearny Investors S.à r.l.

Omega Capital Investors, L.P.

Omega Capital Partners, L.P.

Omega Equity Investors, L.P.

Omega Overseas Partners, Ltd.

Powell Investors L.P.

Powell Investors II Limited Partnership

William D. Rodriguez,
  Rear Admiral, USN, Ret.
Executor of the Estate of Mary R. Wardrop,
  who was Executor of the Mary R. Wardrop
  Trust dtd 10-05-99 and the Robert F. Wardrop
  Family Trust dtd 10-15-99
Flat Rock, NC

David L. Stevens and
Barbara J. Stevens
Sioux Falls, SD

VMT II, LLC