**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: SUNEDISON, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>*Horowitz et al. v. SunEdison, Inc. et al.*,<br>1:16-cv-07917-PKC | Civil Action No. 1:16-md-2742-PKC<br><br>MDL Docket No. 2742 |

## [PROPOSED] ORDER APPROVING DISTRIBUTION PLAN

Lead Plaintiff Municipal Employees' Retirement System of Michigan ("MERS') and Named

Plaintiff Arkansas Teacher Retirement System ("ATRS," and together with MERS, "Plaintiffs")

moved this Court for an order approving a distribution plan for the Net Settlement Fund in the

above-captioned class action (the "Action"). Having reviewed and considered all the materials and

arguments submitted in support of the motion, including the Memorandum of Law in Support of

Plaintiffs' Unopposed Motion for Approval of Distribution Plan and the Declaration of Richard

Simmons in Support of Plaintiffs' Unopposed Motion for Approval of Distribution Plan (the

"Simmons Declaration"),

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.      This Order incorporates by reference the definitions in the Stipulation and Agreement

of Settlement dated July 11, 2019 (ECF No. 631-1) (the "Stipulation"), and the Simmons Declaration,

and all terms used in this Order shall have the same meanings as defined in the Stipulation or the

Simmons Declaration.

2.     This Court has jurisdiction over the subject matter of the Action and over all parties to the Action including all Class Members.

3.     Plaintiffs' plan for distribution of the Net Settlement Fund to Authorized Claimants is **APPROVED**. Accordingly:

(a)     The administrative recommendations of the Court-approved Claims Administrator, Analytics Consulting, LLC ("Analytics"), to accept the Timely Eligible Claims stated in Exhibit D to the Simmons Declaration and the Late But Otherwise Eligible Claims stated in Exhibit E to the Simmons Declaration, are adopted;

(b)     The Claims Administrator's administrative recommendations to reject wholly ineligible Claims, as stated in Exhibit F to the Simmons Declaration, are adopted;

(c)     Analytics is directed to conduct an Initial Distribution of the Net Settlement Fund, after deducting all payments previously allowed and the payments approved by this Order, and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, while maintaining a 5% reserve from the Net Settlement Fund to address any tax liability and claims administration-related contingencies that may arise, as stated in paragraph 39(a) of the Simmons Declaration. Specifically, as stated in paragraph 39(a)(1) of the Simmons Declaration: (1) Analytics will calculate each Authorized Claimant's: (a) *pro rata* share of the Exchange Act Claim Fund based on the amount of the Authorized Claimant's Exchange Act Recognized Claim in comparison to the total Exchange Act Recognized Claims of all Authorized Claimants; and (b) *pro rata* of the Securities Act Claim Fund based on the amount of the Authorized Claimant's Securities Act Recognized Claim in comparison to the total Securities Act Recognized Claims of all Authorized Claimants; (2) Analytics will, in accordance with the terms of the Court-

approved Plan of Allocation, calculate the total amount each Authorized Claimant would recover in accordance with the calculations stated in subparagraph 39 (a)(2) of the Simmons Declaration and then will eliminate from the Initial Distribution any Authorized Claimant whose combined *pro rata* shares of the Exchange Act Claim Fund and Securities Act Claim Fund calculate to less than $10.00. These Claimants will not receive any payment from the Net Settlement Fund and will be so notified by Analytics; (3) After eliminating Claimants who would have received less than $10.00 in the Initial Distribution, Analytics will recalculate the *pro rata* share of the Exchange Act Claim Fund and Securities Act Claim Fund for all Authorized Claimants who would have received $10.00 or more pursuant to the calculations described in subparagraph (a)(1) above, and the sum of those *pro rata* shares is the Authorized Claimant's "Distribution Amount"; (4) Authorized Claimants whose Distribution Amount calculates to less than $100.00 under subparagraph 39(a)(4) above will be paid their full Distribution Amount in the Initial Distribution ("Claims Paid in Full"), and these Authorized Claimants will get no additional funds in subsequent distributions; (5) After deducting the payments to the Claims Paid in Full, 95% of the remaining balance of the Net Settlement Fund will be distributed *pro rata* to Authorized Claimants whose Distribution Amount calculates to $100.00 or more under subparagraph (c)(3) above. The remaining 5% of the Net Settlement Fund will be held in reserve (the "Reserve") to address any tax liability and claims administration-related contingencies that may arise. To the extent the Reserve is not depleted, the remainder will be distributed in the "Second Distribution" described in subparagraph (f) below.

(d)     In order to encourage Authorized Claimants to cash their checks promptly, all distribution checks will bear the following notation: "CASH PROMPTLY. VOID AND

SUBJECT TO REDISTRIBUTION IF NOT CASHED BY [DATE 90 DAYS AFTER

ISSUE DATE]." Lead Counsel and Analytics are authorized to take appropriate action to

locate and contact Authorized Claimants who have not cashed their distribution checks

within said time as detailed in paragraph 39(b) footnote 7 of the Simmons Declaration;

(e)    Authorized Claimants who do not cash their Initial Distribution checks within

the time allotted or on the conditions stated in paragraph 39(b) footnote 7 of the Simmons

Declaration will irrevocably forfeit all recovery from the Settlement, and the funds allocated

to all stale-dated checks will be available to be distributed to other Authorized Claimants in

the Second Distribution. Similarly, Authorized Claimants who do not cash their second or

subsequent distribution checks (should such distributions occur) within the time allotted or

on the conditions stated in paragraph 39(b) footnote 7 of the Simmons Declaration will

irrevocably forfeit any further recovery from the Net Settlement Fund;

(f)    After Analytics has made reasonable and diligent efforts to have Authorized

Claimants cash their Initial Distribution checks (as provided in paragraph 39(b) footnote 7 of

the Simmons Declaration), but not earlier than seven (7) months after the Initial Distribution,

Analytics will, after consulting with Lead Counsel, conduct a second distribution (the

"Second Distribution") in which any amount remaining in the Net Settlement Fund after the

Initial Distribution, including from the Reserve and the funds for all void stale-dated checks,

after deducting Analytics' unpaid fees and expenses incurred in administering the Settlement

including Analytics' estimated costs of the Second Distribution, and after deducting the

payment of any estimated taxes, the costs of preparing appropriate tax returns, and any

escrow fees, will be distributed to all Authorized Claimants who cashed their Initial

Distribution check and are entitled to receive at least $10.00 from the Second Distribution

based on their *pro rata* share of the remaining funds. Additional distributions, after deduction of costs and expenses as described above and subject to the same conditions, may occur thereafter in six-month intervals until Lead Counsel, in consultation with Analytics, determines that further distribution is not cost-effective;

(g)     At such time as Lead Counsel, in consultation with Analytics, determines that further distribution of the funds remaining in the Net Settlement Fund is not cost-effective, if sufficient funds remain to warrant the processing of Claims received after June 29, 2020, such Claims will be processed, and any such Claims that are otherwise valid, as well as any previously received Claims for which an adjustment was received after submission of Plaintiffs' motion that resulted in an increased Recognized Claims amount, will be paid in accordance with subparagraph (h) below. If any funds remain in the Net Settlement Fund after payment of such late or late-adjusted Claims, the remaining balance of the Net Settlement Fund, after payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be contributed to non-sectarian, not-for-profit, organization(s), to be recommended by Lead Counsel and approved by the Court;

(h)     No new Claims may be accepted after June 29, 2020, and no further adjustments to previously received Claims that would result in an increased Recognized Claims amount may be made, subject to the following exception. If Claims are received or modified that would have been eligible for payment or additional payment under the Plan of Allocation if timely received, then, at the time that Lead Counsel, in consultation with Analytics, determines that a redistribution is not cost-effective as provided in subparagraph

5

(g) above, and after payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, such Claimants, at the discretion of Lead Counsel, may be paid the distribution amounts or additional distribution amounts on a *pro rata* basis that would bring them into parity with other Authorized Claimants who have cashed all their prior distribution checks to the extent possible;

(i)     All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted, or who are otherwise involved in the administration or taxation of the Settlement, are hereby released and discharged from any and all claims arising out of that involvement, and all Class Members and other Claimants, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, Plaintiffs, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement, or any other person released under the Settlement beyond the amounts allocated to Authorized Claimants;

(j)     All of Analytics' fees and expenses incurred in the administration of the Settlement and estimated to be incurred in connection with the Distribution of the Net Settlement Fund, as stated in the invoices attached as Exhibit G to the Simmons Declaration, are approved, and Lead Counsel is directed to pay the outstanding balance of $56,828.75 out of the Settlement Fund to Analytics; and

(k)     Unless otherwise ordered by the Court, one year after the Second Distribution, if that occurs, or, if there is no Second Distribution, two years after the

6

Distribution, Analytics may destroy the paper copies of the Claims and all supporting

documentation, and one year after all funds have been distributed may destroy electronic

copies of the same.

4.     This Court retains jurisdiction to consider any further applications concerning the

administration of the Settlement and any other and further relief that this Court deems appropriate.

SO ORDERED this 26ᵗʰ day of August 2020.

_____
The Honorable P. Kevin Castel
United States District Judge

7